IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00066-MR

| | | |
|---|---|---|
| LANDON LEE MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD L. CLODFELTER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Temporary Counsel and Request for Modification of Discovery Guidelines." [Doc. 22].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 asserting a Fourth Amendment claim against Donald L. Clodfelter, an Iredell County Sheriff's Department detective. [Doc. 1]. A Fourth Amendment claim passed initial review, and the Defendant was served. [Docs. 10, 13, 19]. Discovery closes on January 25, 2023. [Doc. 20].

The Plaintiff previously filed two Motions requesting the appointment of counsel, both of which were denied because the Plaintiff failed to demonstrate the existence of exceptional circumstances. [Docs. 3, 10, 12, 17].

In the instant Motion, the Plaintiff makes his third request for the appointment of counsel and, alternatively, asks the Court to grant him leave to request the production of documents from the Defendant. For grounds, he states that he does not understand how to prove the existence of exceptional circumstances; that he would have a greater probability of success in this action if he were represented; that he does not have the means to conduct depositions while he is incarcerated; and that the Pretrial Order and Case Management Plan ("Pretrial Order") does not permit requests for production of documents. [Doc. 22 at 1-2]. He asks that the Court appoint North Carolina Prisoner Legal Services to assist him with discovery or, alternatively, to allow him to request the production of documents. [Id. at 3].

The Plaintiff's request for the appointment of counsel is denied because he has, again, failed to demonstrate the existence of exceptional circumstances. [See Docs. 10, 17]. Moreover, his assumption that the Pretrial Order prohibits him from requesting the production of documents is mistaken. The Pretrial Order imposes limits on the number of depositions that the parties may take, and the number of interrogatories and requests for admissions that the parties may propound. See Fed. R. Civ. P. 26(b)(2)(A) (providing that a court may alter the limits in the Federal Rules on the number

2

Case 5:22-cv-00066-MR   Document 27   Filed 10/27/22   Page 2 of 3

of interrogatories, requests for admissions, and depositions that will be allowed). The Pretrial Order does not, however, limit the parties' abilities to request the production of documents.[1] See generally Fed. R. Civ. P. 26, 34. The Plaintiff is encouraged to familiarize himself with the relevant rules and to proceed with discovery to the best of his ability.

The Plaintiff is cautioned to refrain from filing duplicative or otherwise abusive pleadings, which may be stricken without further notice.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Temporary Counsel and Request for Modification of Discovery Guidelines" [Doc. 22] is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge

---

[1] Such requests must, of course, comply with all timeliness and procedural requirements and are subject to objection by the Defendant.